Submitted July 31, conviction on Count 5 reversed; remanded for resentencing, otherwise affirmed August 29, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEAN BAPTISTE NAHIMANA,
*Defendant-Appellant.*

Multnomah County Circuit Court
100342928; A145683

285 P3d 763

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals from a judgment convicting him of two counts of violating a final stalking protective order (SPO), ORS 163.750 (Counts 3 and 4), and one count of stalking, ORS 163.732 (Count 5), based on two electronic communications sent from defendant's MySpace account to the victim's account. He argues that the trial court erred in denying his motion for a judgment of acquittal as to each of those counts on the ground that the contacts were protected speech under Article I, section 8, of the Oregon Constitution and did not constitute a "threat" as required under *State v. Rangel*, 328 Or 294, 977 P2d 379 (1999), to be punishable. *See id.* at 303 (If a contact involves speech, Article I, section 8, of the Oregon Constitution requires proof that the contact constitutes a threat. A threat "'is a communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts.'"). Defendant contends that the *Rangel* standard applies not only to the crime of stalking, but also to prove a violation of an SPO.

The state concedes, and we agree, that, under the narrowing construction of ORS 163.732 required by *Rangel*, the evidence in this case is insufficient to establish the elements of stalking. However, the Supreme Court has recently rejected the argument that the crime of violating an SPO, ORS 163.750, is also subject to the *Rangel* standard. *State v. Ryan*, 350 Or 670, 672, 261 P3d 1189 (2011) ("[B]ecause defendant's communications with the victim were already prohibited by the stalking protective order, the state was not required by Article I, section 8, to prove under ORS 163.750 that defendant had communicated an unequivocal threat to the victim."). Defendant does not advance any other argument as it pertains to those convictions.[1] Accordingly, we reverse defendant's conviction

---

[1] Defendant does not attempt to challenge the validity of the underlying stalking protective order. *See Ryan*, 350 Or at 682-83 ("ORS 163.750 does not reach any speech not otherwise prohibited by the concededly lawful order. Therefore, a defendant who seeks to challenge a conviction under ORS 163.750 on free speech grounds first must successfully attack the underlying stalking protective order."). Like the Supreme Court, "[w]e express no opinion on the proper mechanism or procedure for challenging the constitutional validity of a previously entered

for stalking and affirm his convictions for violation of a stalking protective order.

Conviction on Count 5 reversed; remanded for resentencing; otherwise affirmed.

---

stalking protective order in the context of a subsequent criminal prosecution." *Id.* at 683 n 9.